IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE E. CRAWFORD,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:14-CV-1936 |
| | : | |
| vs. | : | |
| | : | |
| **WARDEN ROBERT MCMILLAN,** | : | (Judge Rambo) |
| **et al.,** | : | |
| | : | |
| Defendants | : | |

MEMORANDUM AND ORDER

**Background**

On October 7, 2014, Lee E. Crawford, a federal pretrial detainee, confined at the Lackawanna County Prison,[1] filed a complaint regarding the medical care he was receiving. Doc. 1. Named as defendants are the following individuals and entities: (1) Robert McMillan, Warden of the Lackawanna County Prison; (2) Edward J. Zaloga,[2] D.O.; (3) Correctional Care, Inc.; (4) Anthony Iannuzzi, Certified Registered Nurse Practitioner; (5)

---

1. According to the court docket, Crawford is presently confined at Pike County Correctional Facility, Lords Valley, Pennsylvania.

2. Crawford misspelled this defendant's name as follow: Zalga. See Doc. 28, Praecipe for Entry of Appearance filed by Joseph T. Healey, Esquire, on behalf of Dr. Zaloga and Correctional Care, Inc.

Ken McCawley, Nursing Supervisor; and (6) Lackawanna County Prison.[3] The complaint is a handwritten, rambling, conclusory document with reference to numerous legal citations. The gist of the complaint is that Crawford contends that he was not properly tested and treated for sexually transmitted diseases, kidney disease, hepatis C and tuberculosis. Crawford gives no specifics as to when he was diagnosed with a sexually transmitted disease, kidney disease, hepatitis C or tuberculosis. Crawford also does not specify the physical injury he suffered as a result of the

---

3. Because Crawford complains about "prison conditions," the screening provision, 28 U.S.C. § 1915(e), of the Prison Litigation Reform Act ("PLRA") applies. The claims against Lackawanna County Prison will be summarily dismissed because it is not an entity subject to suit under 42 U.S.C. § 1983. The United States Supreme Court established in Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989), that "a State is not a person within the meaning of § 1983." Ordinarily, only actual persons are subject to suit under § 1983. Id. at 71.  Furthermore, a prison is not a person within the meaning of § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Smith v. Samuels, 2013 WL 5176742, *4 (M.D.Pa. 2013)("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.")(Nealon, J.); see also Ellman v. Prime Care, Inc., 2014 WL 2601728, *2 (M.D.Pa. 2014)(Nealon, J.); Williams v. Lackawanna Count Prison, 2010 WL 1491132, *1 n.2 (M.D.Pa. 2010)(McClure, J.).

defendants' conduct.[4]  Crawford appears to claim that he complained to his girlfriend, after she commenced visiting him at the Lackawanna County Prison, that he suffered from excruciating abdominal pain.  His girlfriend allegedly informed him that she was diagnosed with secondary syphilis and provided him with a medical treatment note which listed that condition as one of her problems as of July 9, 2013.  Crawford does not allege that he has had any of the common symptoms of syphilis, e.g., genital ulcers.[5]  As relief Crawford requests a declaratory judgment stating that his rights were

---

4.  42 U.S.C. § 1997e(h) provides that in order for an inmate to recover for emotional distress or psychological injury there has to be a prior showing of physical injury.

5.  Syphilis, National Institute of Allergy and Infectious Diseases, U.S. Department of Health and Human Services, National Institute of Health, http://www.niaid.nih.gov/topics/syphilis/Pages/default.aspx (Last accessed October 21, 2015).

violated, injunctive relief[6] and compensatory and punitive damages.

On October 7, 2014, Crawford filed a motion for appointment of counsel (Doc. 5) which was denied by order (Doc. 19) of November 24, 2014.

After being directed to pay the filing fee or a motion to proceed in forma pauperis, Crawford on

---

6. The request for declaratory and injunctive relief will also be summarily dismissed because Crawford is no longer incarcerated at the Lackawanna County Prison. It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459 n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96(1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir.1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir.1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.")

November 19, 2014, filed a motion to proceed in forma pauperis. Doc. 17.  On November 24, 2014, Crawford's motion to proceed in forma pauperis was granted and the Unites States Marshal directed to serve the complaint on the defendants named therein.

Counsel have entered appearances on behalf of all of the defendants. Docs. 28, 29 and 32.  On March 2, 2015, Defendants McMillan and the Lackawanna County Prison filed an answer which also set forth several affirmative defenses, including that Crawford's complaint fails to state a claim upon which relief can be granted. Doc. 30.  On March 20, 2015, the remaining defendants (hereinafter referred to as the "Medical Defendants") filed a document entitled "Notice of Intention to File Motion to Dismiss Plaintiff's Complaint for Failure to File a Certificate of Merit." Doc. 33.  However, no such motion to dismiss has been filed and the Medical Defendants have not filed a formal answer with affirmative defenses.

On April 13, 2015, Crawford filed a second motion for appointment of counsel (Doc. 35) which was conditionally granted by order (Doc. 36) of August 19,

2015. The order requested that the Chair of the Federal Bar Association's Pro Bono Committee attempt to find counsel to represent Crawford and stayed all proceedings for 45 days. It further provided that a new discovery and dispositive motions deadline would be established when deemed appropriate by the court. The 45 days expired on October 8, 2015, and counsel has not entered an appearance on behalf of Crawford.

Because this court is responsible for the orderly and expeditious management of cases and because the court believes that the instant matter should be brought to fruition, the court will allow the parties ninety (90) days from the date of this order in which to conduct discovery and thirty (30) days thereafter to file any further dispositive motions.

A review of the docket reveals that the Medical Defendants have not filed an answer to the complaint. Consequently, we will direct them to do so, and if they fail to do so, we may enter a default judgment with respect to liability.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Medical Defendants are directed to file a responsive pleading to the complaint within twenty (20) days of the date of this order.

2. If the Medical Defendants fail to file a responsive pleading within twenty (20) days of the date of this order, the court will direct the Clerk of Court to enter a default against them.

3. The claims against the Lackawanna County Prison are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. Crawford's request for declaratory and injunctive relief is dismissed as moot.

5. All discovery shall be completed within ninety (90) days of the date of this order.[7]

---

7. Defendants are not prevented by this order from filing a motion to stay discovery if they intend to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

      6.   Dispositive motions, if any, shall be filed within thirty (30) days of the close of discovery.

                                               s/Sylvia H. Rambo  
                                               United States District Judge

Dated:  October 26, 2015