IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE E. CRAWFORD,           :
                           :
        Plaintiff          :   CIVIL NO. 1:14-CV-1936
                           :
    vs.                    :
                           :
WARDEN ROBERT MCMILLAN,    :   (Judge Rambo)
et al.,                    :
                           :
        Defendants         :

## MEMORANDUM

## Background

On October 7, 2014, Lee E. Crawford, a federal pretrial detainee, confined at the Lackawanna County Prison,[1] filed a complaint regarding the medical care he was receiving. (Doc. 1.) Named as defendants are the following individuals and entities: (1) Robert McMillan, Warden of the Lackawanna County Prison; (2) Edward J. Zaloga,[2] D.O.; (3) Correctional Care, Inc.; (4) Anthony

_____

1. According to the court docket, Crawford is presently confined at Pike County Correctional Facility, Lords Valley, Pennsylvania.

2. Crawford misspelled this defendant's name as follow: Zalga. See Doc. 28, Praecipe for Entry of Appearance filed by Joseph T. Healey, Esquire, on behalf of Dr. Zaloga and Correctional Care, Inc.

Iannuzzi, Certified Registered Nurse Practitioner; (5) Ken McCawley, Nursing Supervisor; and (6) Lackawanna County Prison.[3]  The complaint is a handwritten, rambling, conclusory document with reference to numerous legal citations. The gist of the complaint is that Crawford contends that he was not properly tested and treated for sexually transmitted diseases, kidney disease,  hepatis C and tuberculosis.  Crawford gives no specifics as to when he was diagnosed with a sexually transmitted disease, kidney disease, hepatitis C or tuberculosis. Crawford also does not specify the physical injury he suffered as a result of the

---

[3]  By order of October 26, 2015, the claims against Lackawanna County Prison were summarily dismissed pursuant to the screening provision, 28 U.S.C. § 1915(e), of the Prison Litigation Reform Act ("PLRA") because it is not an entity subject to suit under 42 U.S.C. § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Smith v. Samuels, 2013 WL 5176742, *4 (M.D.Pa. 2013)("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.")(Nealon, J.); see also Ellman v. Prime Care, Inc., 2014 WL 2601728, *2 (M.D.Pa. 2014)(Nealon, J.); Williams v. Lackawanna Count Prison, 2010 WL 1491132, *1 n.2 (M.D.Pa. 2010)(McClure, J.).

defendants' conduct.[4]  Crawford appears to claim that he complained to his girlfriend, after she commenced visiting him at the Lackawanna County Prison, that he suffered from excruciating abdominal pain.  His girlfriend allegedly informed him that she was diagnosed with secondary syphilis and provided him with a medical treatment note which listed that condition as one of her problems as of July 9, 2013.  Crawford does not allege that he has had any of the common symptoms of syphilis, e.g., genital ulcers.[5] Crawford merely alleges that he had abdominal pain and that he requested testing for sexually transmitted diseases.  Crawford avers that defendant Iannuzzi informed him that he would send for Crawford's medical records because he did not want to perform testing which already had occurred.  There are

---

4.  42 U.S.C. § 1997e(h) provides that in order for an inmate to recover for emotional distress or psychological injury there has to be a prior showing of physical injury.

5.  Syphilis, National Institute of Allergy and Infectious Diseases, U.S. Department of Health and Human Services, National Institute of Health, http://www.niaid.nih.gov/topics/syphilis/Pages/default.aspx (Last accessed October 21, 2015).

no allegation that Crawford was ultimately tested and
found to positive for a sexually transmitted disease and
that the delay in testing resulted in medical
complications or injury.   As relief Crawford requested
a declaratory judgment stating that his rights were
violated, the issuance of an injunction[6] and
compensatory and punitive damages.

---

6. The request for declaratory and injunctive relief
was also summarily dismissed by order of October 26,
2015, because Crawford is no longer incarcerated at the
Lackawanna County Prison. It is well recognized that
the adjudicatory power of a federal court depends upon
"the continuing existence of a live and acute
controversy." Steffel v. Thompson, 415 U.S. 452, 459,
94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "The rule in
federal cases is that an actual controversy must be
extant at all stages of review, not merely at the time
the complaint is filed." Id. at 459 n. 10 (citations
omitted). "Past exposure to illegal conduct is
insufficient to sustain a present case or controversy
regarding injunctive relief if unaccompanied by
continuing, present adverse effects." Rosenberg v.
Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing
O'Shea v. Littleton, 414 U.S. 488, 495-96(1974)). A
prisoner's transfer or release from prison moots his
claims for injunctive or declaratory relief because he
is no longer subject to the conditions he alleges are
unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195,
206-07 (3d Cir.1993); see also Weaver v. Wilcox, 650
F.2d 22, 27 (3d Cir.1981) ("[A] prisoner lacks standing
to seek injunctive relief if he is no longer subject to
the alleged conditions he attempts to challenge.")

After being directed to pay the filing fee or a motion to proceed _in forma pauperis_, Crawford on November 19, 2014, filed a motion to proceed _in forma pauperis_. (Doc. 17.)  On November 24, 2014, Crawford's motion to proceed _in forma pauperis_ was granted and the Unites States Marshal directed to serve the complaint on the defendants named therein.

Counsel have entered appearances on behalf of all of the defendants. Docs. 28, 29 and 32.  On March 2, 2015, Defendants McMillan and the Lackawanna County Prison filed an answer which also set forth several affirmative defenses, including that Crawford's complaint fails to state a claim upon which relief can be granted. (Doc. 30.)

On November 16, 2015, Dr. Zaloga, Correctional Care, Inc., Certified Registered Nurse Iannuzzi, and Nursing Supervisor McCawley (hereinafter referred to as the "Medical Defendants") filed a motion to dismiss Crawford's complaint (Doc. 43) and on November 30, 2015, a brief in support thereof. (Doc. 46.)  The Medical Defendants argue that Crawford's complaint should be

dismissed because he failed to file a Certificate of Merit within 60 days of filing the complaint as required by Pennsylvania Rule of Civil Procedure 1042.3.[7] Crawford's brief in opposition was due on December 17, 2015, but he failed to file one.  By order of December 22, 2015, the court directed Crawford to file a brief in opposition to the Medical Defendants' motion to dismiss within twenty (20) days or the motion would be deemed unopposed and granted without a merits analysis.  (Doc. 49.)  In response to that order, Crawford on January 11, 2016, filed two documents.  The first is entitled "Responsive Motion Communication with Court Order Supported Facts and Memorandum of Law." (Doc. 50.)  The second document is entitled "Memorandum of Law/Brief in Support of Responsive Communication with Court Order and Supported Factual Allegations undisputed." (Doc. 50-1.) Neither of these documents address the argument made by

_____

7.  The Medical Defendants in the brief frame the issue as follows: "Whether Plaintiff's claims shluld be dismissed where Certificates of Merit, which are required to be filed within sixty (60) days of the filing of the Complaint, have not been filed after approximately fourteen (14) months since the filing of the Complaint?" (Doc. 46, at 1.)

the Medical Defendants, i.e., Crawford's failure to file a Certificate of Merit in support of his medical negligence claim.  For the reasons set forth below, the Medical Defendants' motion to dismiss will be granted.

## Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at

570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d
929.  "The plausibility standard is not akin to a
'probability requirement,' but it asks for more than a
sheer possibility that a defendant has acted
unlawfully."  Ashcroft v. Iqbal,___U.S.___, 129 S.Ct.
1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550
U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and
conclusions" are not enough, Twombly, 550 U.S. at 555,
127 S.Ct. at 1964-65, and a court  "'is not bound to
accept as true a legal conclusion couched as a factual
allegation.'" Id., 127 S.Ct. at 1965 (quoted case
omitted).

In resolving the motion to dismiss, we thus
"conduct a two-part analysis." Fowler, supra, 578 F.3d
at 210. First, we separate the factual elements from the
legal elements and disregard the legal conclusions. Id.
at 210-11.  Second, we "determine whether the facts
alleged in the complaint are sufficient to show that the
plaintiff has a "'plausible claim for relief.'" Id. at
211 (quoted case omitted).

In addition, because Crawford complains about "prison conditions," the screening provisions, 28 U.S.C. § 1915(e), of the PLRA apply,[8] given that McLean was granted in forma pauperis status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil

---

8. Section 1915(e)(2), which was created by § 804(a)(5) of the PLRA, provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at anytime if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

9

No. 06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), aff'd, 264 Fed. Appx. 183 (3d Cir.2008).

## Discussion

The Medical Defendants contend that Crawford cannot proceed with this action because he was required pursuant to Pennsylvania Rule of Civil Procedure 1042.3 to filed a certificate of merit ("COM") within 60 days of the filing of the complaint and he failed to do so. Under Rule 1042.3(a) a party filing an action based upon an allegation of professional negligence is required to file a certificate of merit stating that

> (1) an appropriate licensed professional has has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was the cause in bringing about harm, or
>
> *    *    *    *    *    *    *    *    *    *    *
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

The Medical Defendants correctly contend that this requirement was not satisfied by Crawford and he has offered no justification for his failure to do so.

10

Consequently, to the extent that Crawford's complaint raises professional negligence claims against the Medical Defendants those claims will be dismissed. See West v. Varano, 2013 WL 4607427, at *2-3 & 6-7 (M.D.Pa. Aug. 29, 2013).

This conclusion, however, does not result in the dismissal of the Crawford's complaint in its entirety. Construing Crawford's complaint liberally, it appears he is attempting to raise a claim that the Medical Defendants were deliberately indifferent to a serious medical need under the Due Process clause of the Fourteenth Amendment.  The requirement to file a COM does not apply to Crawford's claim of deliberate indifference to a serious medical need under that constitutional provision. Id.  Consequently, we will screen Crawford's deliberate indifference claim pursuant to the PLRA.

Because Crawford was not a convicted prisoner at the time he was in custody at the Lackawanna County Prison, the Due Process clause rather than the Eighth

Amendment is applicable in this case. <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 471 (3d Cir. 1987)("Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to protections of the Due Process clause."). "The Due Process clause requires the government to provide appropriate medical care." <u>Id.</u> Crawford's rights as a pretrial detainee under the Due Process clause are "at least as great" as the Eighth Amendment protections to which a convicted prisoner is entitled. <u>City of Reeves v, Massachusetts General Hospital</u>, 463 U.S. 239, 244 (1983). Consequently, the court will apply the Eighth Amendment standards in determining whether Crawford's complaint sufficiently states a claim that the Defendants provided inadequate medical care. <u>See</u> <u>Lenhart v. The Commonwealth of Pennsylvania</u>, 528 F. App'x 111, 115 (3d Cir. June 11, 2013); <u>King v. County of Gloucester</u>, 302 F. App'x 92, 96-97 (3d Cir. Dec. 10, 2008).

A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983

liability to attach.  Martinez v. California, 444 U.S.
277, 285 (1980).[9]  A prerequisite for a viable civil
rights claim is that a defendant directed, or knew of
and acquiesced in, the deprivation of a plaintiff's
constitutional rights.  See Monell v. Department of
Social Serv. of the City of N.Y., 436 U.S. 658, 694-95
(1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir.
1990); Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d
Cir. 1988).

Crawford must allege that each named defendant
was personally involved in the events or occurrences
that underlie the claim.  See Atkinson v. Taylor, 316
F.3d 257 (3d Cir. 2003), (citations omitted).  Liability
may not be imposed under Section 1983 on the principle
of respondeat superior.  Capone v. Marinelli, 868 F.2d
102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg

---

9. The Martinez court explained: "Although a § 1983
claim has been described as 'a species of tort
liability,' Imbler v. Pachtman, 424 U.S. 409, 417
[(1976)], it is perfectly clear that not every injury
in which a state official has played some part is
actionable under that statute."  Id.

Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).
Rather, "supervisory personnel are only liable for the §
1983 violations of their subordinates if they knew of,
participated in or acquiesced in such conduct."  Id. at
106 n.7.

    To establish a constitutional claim under §
1983, Crawford must show that the prison official acted
with "deliberate indifference" to a substantial risk of
serious harm.  Farmer v. Brennan, 511 U.S. 825, 827
(1994) (citing Helling v. McKinney, 509 U.S. 25 (1993);
Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v.
Gamble, 429 U.S. 97 (1976)).  In other words, the
official must know of and disregard an excessive risk to
inmate health or safety.  Natale v. Camden County Corr.
Facility, 318 F.3d at 582; Farmer, 511 U.S. at  837.
This standard "affords considerable latitude to prison
medical authorities in the diagnosis and treatment of
the medical problems of inmate patients.  Courts will
'disavow any attempt to second guess the propriety or
adequacy of a particular course of treatment. . . which

14

remains a question of sound professional judgment.'"
Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D.
Pa. 1996) (quoting Inmates of Allegheny County Jail v.
Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Claims based upon the Cruel and Unusual
Punishments Clause have both objective and subjective
components.  Wilson v. Seiter,  501 U.S. at 298.
Serious hardship to the prisoner is required to satisfy
the Eighth Amendment's objective component. Id.  The
subjective component is met if the person or persons
causing the deprivation acted with "a sufficiently
culpable state of mind".  Id.

The objective component of a medical care claim,
i.e., whether a plaintiff's medical needs were serious,
has its roots in contemporary standards of decency.
Hudson v. McMillian, 503 U.S. 1 (1992).  A medical need
is serious if it is one that has been diagnosed by a
physician as mandating treatment or is one that is so
obvious that even a lay person would easily recognize
the necessity for a doctor's attention. Johnson v.

Busby, 953 F.2d 349, 351 (8th Cir. 1991); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.  1987); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); West v. Keve, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978).  The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain.  See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d at 347; Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977).

Based on the allegations in the complaint, the court cannot conclude that Crawford suffered from a serious medical need.  But even if we assume, without deciding, that Crawford's medical need was serious in the constitutional sense, the allegations in the complaint illustrate that Crawford received medical attention.  At best, Crawford's complaint demonstrates his disagreement with the scope and extent of treatment by the Medical Defendants.  Crawford's disagreement with

16

the course of treatment or the decision that no treating or testing was necessary or warranted, however, does not serve as a predicate to liability under § 1983.  See, White v. Napoleon, 897 F.2d at 108-110(No deliberate indifference claim is stated when a doctor disagrees with the professional judgment of another doctor since "[t]here may, for example, be several acceptable ways to treat an illness."); Inmates of Allegheny County Jail v. Pierce, 612 F.2d at 762(claim for deliberate indifference does not arise just because one doctor disagrees with the diagnosis of another).

Further, a complaint that a physician or a medical department was  "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  Estelle, 429 U.S. at 106.  More than two decade ago, the Third Circuit held that "[w]hile the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment

17

his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); see also Spruill, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.").

When an inmate is provided with medical care and the dispute is over the adequacy of that care, no Eighth Amendment claim exists. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice[.]" Estelle, 429 U.S. at 107. A mere difference of opinion between the inmate and the prison's medical staff regarding the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. See McFadden v. Lehman, 968 F. Supp. 1001 (M.D. Pa. 1997); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992). Additionally, a non-physician defendant cannot be

considered deliberately indifferent for failing to
respond to an inmate's medical complaints when the
inmate is already receiving treatment from the prison's
medical staff.  <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69
(3d Cir. 1993).  The key question is whether the
defendant has provided the plaintiff with some type of
treatment, despite whether it is what the plaintiff
wants. <u>Farmer v. Carlson</u>, 685 F. Supp. 1335, 1339 (M.D.
pa. 1988).

Crawford fails to allege that Warden McMillan
was personally involved in his medical treatment.
Rather, Crawford premises the Warden's liability solely
on the theory of respondeat superior.  As discussed
above, liability under § 1983 cannot be based on
respondeat superior.  <u>Capone</u>, 868 F.2d at 106.
Moreover, a claim of deliberate indifference to the
plaintiff's medical needs cannot lie against the Warden,
a non-physician, because the plaintiff alleges that he
was under the care of medical staff at the prison.
<u>Durmer</u>, 991 F.2d at 69. In sum, negligence, unsuccessful

19

medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  See <u>Durmer v. O'Carroll</u>, 991 F.2d at 69.

For the reasons set forth above, Crawford's claim that the Medical Defendants and Warden McMillan were deliberately indifferent to his medical needs will be dismissed, without prejudice, for failure to state a claim on which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).  Although that claim as filed fails to state a cause of action against the Medical Defendants and Warden McMillan, it is possible that the deficiencies may be remedied by amendment.

Pro se parties are accorded substantial deference and liberality in federal court. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Hughes v. Rowe</u>, 449 U.S. 5 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8 requires that a complaint contain a short

and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.  Furthermore, Local Rule 4.7(a) provides that a party proceeding pro se and in forma pauperis should set forth his or her claim on the court-approved complaint form, a single document, not in multiple documents. M.D. Pa. LR 4.7(a) ("The prisoner/plaintiff should complete and file the court-approved forms when initiating a civil complaint.").

Consequently, Crawford will be granted an opportunity to file an amended complaint.  The Clerk of Court will be directed to send a form civil rights complaint to Crawford.  Crawford is advised to set forth his claim succinctly on the form complaint and, if necessary, continuation pages. Crawford may attach exhibits to the amended complaint. Crawford is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by

21

itself without reference to the complaint already filed. Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If Crawford fails to file an amended complaint relating to the medical care claim under the Due Process clause adhering to the standards set forth above, this case will be closed.

An appropriate order will be entered.



 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge


Dated: June 7, 2016