IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE E. CRAWFORD,** | : | |
| Plaintiff | : | CIVIL NO. 1:14-CV-1936 |
| vs. | : | |
| **WARDEN ROBERT MCMILLAN, et al.,** | : | (Judge Rambo) |
| Defendants | : | |

## MEMORANDUM

### Background

On October 7, 2014, Lee E. Crawford, a federal pretrial detainee, confined at the Lackawanna County Prison,[1] filed a complaint regarding the medical care he was receiving. (Doc. 1.) Named as defendants were the following individuals and entities: (1) Robert McMillan, Warden of the Lackawanna County Prison; (2) Edward J. Zaloga,[2] D.O.; (3) Correctional Care, Inc.; (4) Anthony

---

1. According to the court docket, Crawford is presently confined at Pike County Correctional Facility, Lords Valley, Pennsylvania.

2. Crawford misspelled this defendant's name as follow: Zalga. See Doc. 28, Praecipe for Entry of Appearance filed by Joseph T. Healey, Esquire, on behalf of Dr. Zaloga and Correctional Care, Inc.

Iannuzzi, Certified Registered Nurse Practitioner; (5) Ken McCawley, Nursing Supervisor; and (6) Lackawanna County Prison.[3] The complaint was a handwritten, rambling, conclusory document with reference to numerous legal citations. The gist of the complaint was that Crawford contended that he was not properly tested and treated for sexually transmitted diseases, kidney disease, hepatis C and tuberculosis. Crawford gave no specifics as to when he was diagnosed with a sexually transmitted disease, kidney disease, hepatitis C or tuberculosis. Crawford also did not specify the physical injury he suffered as a result of the defendants'

---

3. By order of October 26, 2015, the claims against Lackawanna County Prison were summarily dismissed pursuant to the screening provision, 28 U.S.C. § 1915(e), of the Prison Litigation Reform Act ("PLRA") because it is not an entity subject to suit under 42 U.S.C. § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Smith v. Samuels, 2013 WL 5176742, *4 (M.D.Pa. 2013)("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.")(Nealon, J.); see also Ellman v. Prime Care, Inc., 2014 WL 2601728, *2 (M.D.Pa. 2014)(Nealon, J.); Williams v. Lackawanna Count Prison, 2010 WL 1491132, *1 n.2 (M.D.Pa. 2010)(McClure, J.).

conduct.[4] Crawford appeared to claim that he complained to his girlfriend, after she commenced visiting him at the Lackawanna County Prison, that he suffered from excruciating abdominal pain. His girlfriend allegedly informed him that she was diagnosed with secondary syphilis and provided him with a medical treatment note which listed that condition as one of her problems as of July 9, 2013. Crawford did not allege that he had any of the common symptoms of syphilis, e.g., genital ulcers.[5] Crawford merely alleged that he had abdominal pain and that he requested testing for sexually transmitted diseases. Crawford averred that defendant Iannuzzi informed him that he would send for Crawford's medical records because he did not want to perform testing which already had occurred. There were no

---

4. 42 U.S.C. § 1997e(h) provides that in order for an inmate to recover for emotional distress or psychological injury there has to be a prior showing of physical injury.

5. Syphilis, National Institute of Allergy and Infectious Diseases, U.S. Department of Health and Human Services, National Institute of Health, http://www.niaid.nih.gov/topics/syphilis/Pages/default.aspx (Last accessed October 21, 2015).

allegations that Crawford was ultimately tested and found to positive for a sexually transmitted disease and that the delay in testing resulted in medical complications or injury.  As relief Crawford requested a declaratory judgment stating that his rights were violated, the issuance of an injunction[6] and compensatory and punitive damages.

---

6. The request for declaratory and injunctive relief was also summarily dismissed by order of October 26, 2015, because Crawford is no longer incarcerated at the Lackawanna County Prison. It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459 n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96(1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir.1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir.1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.")

After being directed to pay the filing fee or a motion to proceed in forma pauperis, Crawford on November 19, 2014, filed a motion to proceed in forma pauperis. (Doc. 17.) On November 24, 2014, Crawford's motion to proceed in forma pauperis was granted and the Unites States Marshal directed to serve the complaint on the defendants named therein.

Counsel entered appearances on behalf of all of the defendants. Docs. 28, 29 and 32. On March 2, 2015, Defendants McMillan and the Lackawanna County Prison filed an answer which also set forth several affirmative defenses, including that Crawford's complaint fails to state a claim upon which relief can be granted. (Doc. 30.)

On November 16, 2015, Dr. Zaloga, Correctional Care, Inc., Certified Registered Nurse Iannuzzi, and Nursing Supervisor McCawley (hereinafter referred to as the "Medical Defendants") filed a motion to dismiss Crawford's complaint (Doc. 43) and on November 30, 2015, a brief in support thereof. (Doc. 46.) The Medical Defendants argued that Crawford's complaint should be

dismissed because he failed to file a Certificate of Merit within 60 days of filing the complaint as required by Pennsylvania Rule of Civil Procedure 1042.3.[7] Crawford's brief in opposition was due on December 17, 2015, but he failed to file one. By order of December 22, 2015, the court directed Crawford to file a brief in opposition to the Medical Defendants' motion to dismiss within twenty (20) days or the motion would be deemed unopposed and granted without a merits analysis. (Doc. 49.) In response to that order, Crawford on January 11, 2016, filed two documents. The first was entitled "Responsive Motion Communication with Court Order Supported Facts and Memorandum of Law." (Doc. 50.) The second document was entitled "Memorandum of Law/Brief in Support of Responsive Communication with Court Order and Supported Factual Allegations undisputed." (Doc. 50-1.) Neither of those documents addressed the arguments made

---

7. The Medical Defendants in the brief framed the issue as follows: "Whether Plaintiff's claims should be dismissed where Certificates of Merit, which are required to be filed within sixty (60) days of the filing of the Complaint, have not been filed after approximately fourteen (14) months since the filing of the Complaint?" (Doc. 46, at 1.)

by the Medical Defendants, i.e., Crawford's failure to file a Certificate of Merit in support of his medical negligence claim.

On June 7, 2016, the court issued a 22-page memorandum and separate order granting the Medical Defendants' motion to dismiss as it related to Crawford's medical malpractice claims. In the memorandum the court also screened the complaint pursuant to the Prison Litigation Reform Act (PLRA") and determined that Crawford failed to state a claim of deliberate indifference under the Due Process Clause of the Fourteenth Amendment against all of the Defendants upon which relief may be granted. However, the court gave Crawford an opportunity to file an amended complaint, within 30 days, relating solely to his claim of deliberate indifference to serious medical need under the Due Process Clause of the Fourteenth Amendment against the Medical Defendants and Warden McMillan. The court incorporates by reference the memorandum of June 7, 2016. (Doc. 59.)

The deadline for filing the amended complaint was July 7, 2016. On July 5, 2016, Crawford filed a motion for extension of time to file an amended complaint (Doc. 61) and on July 13, 2016, he filed an amended complaint (Doc. 62) which does not cure the deficiencies set forth in the original complaint. The amended complaint also raises claims against defendants who were not named in the original complaint as well as reasserting claims that were previously dismissed without leave to amend. Specifically, Crawford reasserts his medical malpractice claims and claims against the Lackawanna County Prison. The new defendants named are Chris Kane, who is stated to be a United States Marshal; Sergeant Kennedy, apparently a correctional officer; an unnamed dentist at the Lackawanna County Prison; and an unnamed psychologist at the Lackawanna County Prison. The claim against Defendant Kane is purportedly brought pursuant to the Federal Tort Claims Act.

Like the original complaint, the amended complaint does not state a viable claim of deliberate indifference against the Medical Defendants or Defendant

8

McMillan. Furthermore, Crawford was not authorized to assert new claims or reassert claims of medical malpractice and claims against the Lackawanna County Prison.

On July 25, 2016, the Medical Defendants filed a motion to dismiss the amended complaint. (Doc. 66.) The motion has substantial merit.

Crawford complains about prison conditions. Consequently, the screening provisions, 28 U.S.C. § 1915(e), of the PLRA apply,[8] given that Crawford was granted <u>in forma pauperis</u> status to pursue this suit. The court's obligation to dismiss a complaint or an amended complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss.

---

8. Section 1915(e)(2), which was created by § 804(a)(5) of the PLRA, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at anytime if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

<u>See</u>, <u>e.g.</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000).

The amended complaint as noted does not cure the deficiencies of the original complaint. Therefore, based on the reasoning set forth in the memorandum of June 7, 2016, the amended complaint will be dismissed for failure to state a claim upon which relief can be granted without further leave to amend as it relates to the Medical Defendants and Defendant McMillan. Likewise, the medical malpractice claims and claims against the Lackawanna County Prison will be dismissed. Furthermore, the amended complaint asserts new claims against defendants who were not named in the original complaint. The new claims against Defendant Kane and the unnamed psychologist and dentist were not authorized by this court's order of June 7, 2016. Consequently, those laims will be dismissed without prejudice to any right to file a new complaint along with the appropriate filing fee or a motion to proceed <u>in forma pauperis</u> accompanied by the authorization to have funds deducted

from his prison account to pay the filing fee in installments.

      An appropriate order will be entered.

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated: July 26, 2016